**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

**Civil Action No. 07-cv-01069-RPM-CBS**

NORTH METRO FIRE RESCUE DISTRICT,

        Plaintiff,

v.

DALMATION CORPORATION, f/k/a, or formerly d/b/a,
AMERICAN LAFRANCE CORPORATION;
FREIGHTLINER, LLC; SMEAL FIRE APPARATUS CO.;
HONEYWELL INTERNATIONAL, INC. d/b/a
GARRET CORPORATION; DETROIT DIESEL
CORPORATION; and JOHN and/or JANE DOES and/or
DOE ENTITIES

        Defendants.
_____

**PROTECTIVE ORDER**
_____

THIS MATTER comes before the Court on Defendant Freightliner, LLC's Unopposed Motion for Protective Order pursuant to Fed. R. Civ. P. 26(c)(7). Having reviewed this Motion, the law and being otherwise fully advised in the premises, the Court hereby grants the Motion and orders as follows:

1. The parties shall mark all documents subject to this Protective Order as "Confidential." The documents and information contained therein shall be used, shown and disclosed only as provided in this Protective Order. The term "Confidential" as used in this Protective Order shall be construed to include all of the information contained in each document so marked.

2. Confidential documents and information shall be made available only to "Qualified Persons." The term "Qualified Persons" means the Court and its officers, the

parties, counsel of record, independent experts and consultants, and those clerical employees assisting each counsel, independent expert, and consultant. No person shall have access to confidential documents or information unless they are a "Qualified Person." No person who gains access to such confidential documents or information may disclose their contents or the information contained therein to any person other than a "Qualified Person."

    3. Confidential documents and information may be disclosed and used solely for the purpose of this lawsuit and for no other purpose.

    4. Confidential documents and information may be used at depositions in accordance with the following safeguards. If confidential documents and information are used in depositions, all portions of the transcript of such depositions, and exhibits thereto, that refer or relate to such confidential documents and information shall themselves be considered to be confidential and subject to this Protective Order.

    5. All confidential documents and information that are filed with the Court shall be filed pursuant to D.C.COLO.LCivR 7.2 and D.C.COLO.LCivR 7.3.

    6. At the conclusion of this action, all confidential documents and information, and all copies thereof, shall be returned to counsel for the disclosing party or destroyed.

    7. If any party contends that any document, information, or portion thereof that another party designates as confidential is not entitled to protection, that party must so notify the disclosing party in writing. The disclosing party shall serve upon such party an Affidavit or other appropriate document in support of its claim of confidentiality

within ten (10) days of receipt of the notice. Either party may then move the Court to resolve the dispute over confidentiality. The information shall continue to be protected as confidential until further Order of the Court.

8. Nothing in this Protective Order will prejudice any party from seeking amendments broadening or restricting the rights of access to and use of confidential documents and information, contesting the designation of documents or information as confidential, or contesting the designation of a person as a Qualified Person.

DATED: September 13, 2007.

BY THE COURT:

s/Richard P. Matsch

United States District Judge